# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Michael D. Keaton,                                         Case No. 3:15 CV 1913

        Plaintiff

        v.                                                       **ORDER**

Jason M. Bennett, et al.,

        Defendants

      Plaintiff *pro se* Michael D. Keaton, an inmate at the Toledo Correctional Institution (ToCI), brings this *in forma pauperis* 42 U.S.C. § 1983 action against former ToCI Warden Sheldon, ToCI Lt. Jason M. Bennett, and the following ToCI corrections officers:  Thomas Paisley, Michael Josey, Timothy G. Tokarz,  Christopher D. Salatin,  Jaimie Coon, Adrian L. Graham,  Adam J. Schock, Kenneth Jones, Keshia M. Andrek, and David J. O'Brien.

      Plaintiff alleges that he got in a fight with another ToCI inmate and that, in the course of subduing Plaintiff, Defendants Bennett and Paisley – through the application of excessive force – intentionally broke Plaintiff's ankle.  Other corrections officers observed these events and became involved in subduing Plaintiff and the other inmate.  Plaintiff required a cast and surgery, from which he suffered medical complications.

      He alleges the incident could have been avoided if the area in which the fight occurred had been properly patrolled.

      Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989);


*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

While Plaintiff's claims against Defendants Bennett and Paisley have arguable merit, the same cannot be said regarding his claims against the other defendants, concerning which there are very few allegations. Those few allegations, moreover, amount at most to a claim of negligence, and as such do not set forth a valid section 1983 claim. *Daniels v. Williams*, 474 U.S. 327 (1986).

Based on the foregoing, Defendants Sheldon, Josey, Tokarz, Salatin, Coon, Graham, Schock, Jones, Andrek, and O'Brien are **DISMISSED** pursuant to 28 U.S.C. § 1915(e), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from their dismissal could not be taken in good faith.

The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on Defendants Bennett and Paisley. **A copy of this order shall be included with the documents to be served on those defendants.**

Finally, plaintiff's motion for leave to file an amended complaint is denied without prejudice to refiling such a motion once the defendants have appeared and answered the complaint.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge